IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JOSE NELSON TORRES MATEO | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| BRET BRADFORD, FIELD OFFICE | § | CIVIL ACTION NO. 9:26-CV-00323 |
| DIRECTOR OF ENFORCEMENT AND | § | JUDGE MICHAEL J. TRUNCALE |
| REMOVAL OPERATIONS, HOUSTON FIELD | § | |
| OFFICE, IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT; MARKWAYNE MULLIN, | § | |
| SERETARY, U.S. DEPARTMENT OF | § | |
| HOMELAND SECURITY; TODD BLANCHE, | § | |
| U.S. ATTORNEY GENERAL; EXECUTICE | § | |
| OFFICE FOR IMMIGRATION REVIEW; | § | |
| ALEXANDER SANCHEZ, WARDEN OF IAH | § | |
| SECURE ADULT DETENTION CENTER, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jose Nelson Torres Mateo ("Torres Mateo")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Torres Mateo is a Honduran national. [Dkt. 1 at ¶ 23]. On October 28, 2025, United States Immigration and Customs Enforcement ("ICE") detained Torres Mateo. *Id.* at ¶ 2.

On May 7, 2026, Torres Mateo brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution. [Dkt. 1].

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding,

the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Due Process

Torres Mateo argues that the Government violated procedural and substantive due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Torres Mateo were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Torres Mateo's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Torres Mateo's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Torres Mateo's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*." *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id*.

Here, a properly conducted bond hearing would not invariably result in Torres Mateo's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id*. §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Torres Mateo's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820– 21. If a

violation of federal law occurred, it was not by way of Torres Mateo's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Torres Mateo to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

It is therefore **ORDERED** that Torres Mateo's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 21st day of May, 2026.**

Michael J. Truncale
United States District Judge